**FILED**

**February 1, 2017**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:57 AM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | |
|---|---|
| **ANNICIA C. DIANA**<br>        **Employee,** | **Docket No.: 2015-03-0506** |
| **v.** | |
| **ABM INDUSTRIES, INC.**<br>        **Employer,** | **State File No.: 50641-2015** |
| **And** | |
| **INDEMNITY INSURANCE CO. OF**<br>**NORTH AMERICA,**<br>        **Carrier.** | **Judge Lisa Lowe Knott** |

---

### EXPEDITED HEARING ORDER
### DENYING ADDITIONAL MEDICAL BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge for Expedited Hearing on January 17, 2017. The current legal issue involves the causal relationship between Ms. Diana's radial nerve palsy and the work injury, as well as the medical necessity of additional diagnostic testing.[1] For the reasons set forth below, the Court finds Ms. Diana did not come forward with sufficient evidence to establish she is likely to prevail at a hearing on the merits that her radial nerve palsy causally relates to her work injury at ABM.

### History of Claim

ABM employed Ms. Diana as a sanitation worker cleaning machines. On June 30, 2015, while Ms. Diana used a scraper to remove dough off the dividers of a bread-making machine, the machine started and the belts began to move. This caused Ms. Diana to sustain a crush injury to her left wrist. After treatment at the University of Tennessee Medical Center, she received directions to follow-up with University

---

[1] ABM asserted Ms. Diana's claim should be denied pursuant to Tennessee Code Annotated Section 50-6-110(a)(4) (2016) for failure to follow the safety procedure known as "lock out/tag out." However, the Court finds it unnecessary to rule on the safety defense at this time, since the current issue is limited to additional medical benefits and the Court has denied those benefits.

1

Orthopedic Surgeons.

ABM provided a panel of physicians, from which Ms. Diana selected Dr. Grant C. Shirley at Nova Medical Center. Dr. Shirley ordered diagnostic testing, which revealed no fractures or dislocations, and recommended consultation with an orthopedic hand surgeon.

ABM circulated a panel of physicians, from which Ms. Diana selected Dr. John M. Ambrosia. Dr. Ambrosia diagnosed Ms. Diana with a left hand abrasion and radial nerve palsy. He noted, "I am not sure how the radial nerve palsy is related to her abrasion or hand injury." Upon follow-up, Dr. Ambrosia noted that Ms. Diana continued to have full-blown left radial nerve palsy with inability to extend the left wrist and left fingers. He recommended an EMG/NCS. Based upon Dr. Ambrosia's statement questioning the relatedness of Ms. Diana's radial nerve palsy to her work injury, ABM denied the request for the EMG/NCS. In his deposition, Dr. Ambrosia said, "My feeling was I could not really put that together with the hand injury per se. I wasn't sure how the radial nerve palsy could be related to the abrasion and I explained that to her." He also testified, "I just don't see that being a mechanism that could directly or indirectly apply pressure to the nerve and cause this type of a profound nerve function." Ms. Diana asserted that Dr. Ambrosia's causation opinion is flawed because he acknowledged that the EMG/NCS would be "a helpful piece of information" to determine the location of her nerve injury. ABM asserted Dr. Ambrosia's opinion that Ms. Diana's radial nerve palsy was not caused by the work injury is presumed correct under Tennessee law.

Subsequently, Ms. Diana obtained her own independent medical evaluation with Dr. Thomas Koenig. Ms. Diana attempted to introduce Dr. Koenig's report into evidence, but ABM objected on the ground that she failed to provide a medical certification and Dr. Koenig did not sign the report. The Court sustained the objection and marked the report for identification purposes only as Exhibit 10.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Ms. Diana need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

Workers' Compensation Law requires employers to provide injured employees with reasonable and necessary medical care related to the work injury. A work-related injury causes a need for medical treatment if, within a reasonable degree of medical

2

certainty, it contributed more than 50% to the need for treatment. To meet the "reasonable degree of medical certainty" standard requires a physician opinion that it is more likely than not, considering all possible causes, as opposed to speculation. *See* Tenn. Code Ann. §§ 50-6-204(a)(1)(A), 50-6-102(14)(C), and 50-6-102(14)(D) (2016).

Furthermore, the panel-selected physician's causation opinion is presumed correct, as is the treatment he recommends. However, that opinion shall be rebutted by a preponderance of the evidence. *See* Tenn. Code Ann. §§ 50-6-102(14)(E) and 50-6-204(a)(3)(H) (2016); *see also Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17 (Aug. 31, 2016).

Here, the current issue is the causal relationship and medical necessity of treatment for Ms. Diana's radial nerve palsy, and specifically the EMG/NCS. Ms. Diana has the burden of presenting sufficient evidence to show she is likely to prevail at a hearing on the merits in establishing that the recommended treatment was causally related to and reasonably required as a result of the work injury. *See* Tenn. Code Ann. § 50-6-204(b)(1); *see also Coolidge v. City Winery Nashville, LLC, et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 46, at *16-17 (Sept. 23, 2016).

As the authorized treating panel physician, Dr. Ambrosia's causation opinion is presumed correct unless overcome by a preponderance of the evidence. Dr. Ambrosia indicated he could not associate Ms. Diana's radial nerve palsy to the work injury. He explained that trauma could cause it but the most common scenario is when someone has pressure applied to the radial nerve in the upper arm. (Ex. 15 at 14, 16.) Ms. Diana's work injury resulted in pressure and/or trauma to her wrist and hand. *Id.* at 16, 17. Admittedly, Dr. Ambrosia testified that the nerve tests would provide a "helpful piece of information." *Id.* at 18. However, he did not conclude that the tests were medically necessary as a result of the work injury. Since the Court excluded Dr. Koenig's opinion, Ms. Diana failed to rebut Dr. Ambrosia's opinion by a preponderance of the evidence.

Therefore, Ms. Diana has not come forward with sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits. Her request for the recommended nerve tests is denied at this time.

**ENTERED this the 1st day of February, 2017.**

**HON. LISA LOWE KNOTT**
**Workers' Compensation Judge**

3

# APPENDIX

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Show Cause Order
4. Employee's Motion to Vacate Show Cause Order
5. Employer's Motion for Initial Hearing
6. Initial Hearing Order
7. Amended Initial Hearing Order
8. Joint Motion to Extend Discovery Deadlines and Compensation Hearing
9. Amended Initial Hearing Order
10. Agreed Order Extending Discovery Deadlines and Compensation Hearing
11. Request for Expedited Hearing
12. Employee's Motion to Compel Benefits
13. Notice of Filing Dr. Ambrosia's deposition
14. Notice of Filing Dan Swisher's deposition
15. Motion to Amend Pleadings
16. Employer's Brief
17. Employer's Statement of Witnesses, Documents, and Opposition of Relief
18. Order to Amend Pleadings
19. Amended Notice of Filing Dr. Ambrosia's deposition

Exhibits:

1. Affidavit of Annicia C. Diana
2. Panel of Physicians, Form C-42 with Nova selection
3. Panel of Physicians, Form C-42 with Ambrosia selection
4. ABM Industries' Employee's Responsibilities for Work Related Injuries
5. ABM Industries' Return to Work Policy
6. ABM Industries' Employee Record of Injury/Illness Form
7. ABM Industries' Health Access Information Sheet
8. ABM Industries' Training Record (Collective)
9. Pinnacle Home Equipment Orthopedic Supply & Delivery Form
10. Medical Records of Dr. Thomas M. Koenig, Tennessee Valley Orthopedics **marked for identification purposes only**
11. Medical Records of Dr. John M. Ambrosia, Knoxville Orthopedic Clinic
12. Appointment List of Results Physiotherapy
13. Medical Records of Dr. Grant C. Shirley/Nova
14. Deposition of Dan Swisher
15. Deposition of Dr. John Ambrosia

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 1st day of February, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Ameesh A. Kherani, Esq., Employee's Attorney | | | X | akherani@daviddunaway.com |
| David J. Deming, Esq. Employer's Attorney | | | X | ddeming@manierherod.com |

_____
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

5